UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN AND MARILYN CARR | * | |
|     Plaintiffs | | |
| | * | CIVIL ACTION |
|   VS. | | |
| | * | NO: 04-5345 |
| GILLIS ASSOCIATED INDUSTRIES, ET AL | * | |
|     Defendants | | |
| | * | |

## PLAINTIFFS' PRE-TRIAL MEMORANDUM

A.    NATURE OF ACTION AND BASIS OF JURISDICTION

This is an action for damages for personal injuries sustained by Plaintiffs, alleging Defendants' violation of Section 402A, Restatement of Torts, 3rd, and negligence. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

B,    STATEMENT OF FACTS

On January 16, 2003, Brian Carr was working at Welex, Inc. in a small stock area. He used a mobile ladder stand, manufactured by Gillis Associated Industries, Inc. to retrieve stock from shelving. While standing on the ladder and reaching towards a shelf, the ladder rolled away causing Mr. Carr to fall. This was caused by instability and lack of sufficient resistance between concealed worn rubber tips on the bottom of the front tubular legs of the ladder and the surface of the floor. The front tubular feet of the ladder and rubber tips were defectively designed, allowing the unprotected bottom of the steel tubing of the front legs to

cut the inside service of the rubber tips as the ladder was in use. The design of the feet obscured this dangerous and defective condition.

There were insufficient warnings concerning inspection of the rubber tips to prevent use in this dangerous and defective condition.

This condition could have been easily corrected if the feet were designed and manufactured with a metal disk the diameter of the tubular feet welded to the bottom of the feet to create a solid, flat surface preventing the open tube from cutting into the inside of the rubber tip. Alternatively, Defendant now offers rubber tips with a 1/2 inch inside diameter flat washer inserted inside the tip, which prevents the leg from cutting into the rubber.

As a result of the fall, Mr. Carr injured his right knee, sustaining a torn anterior cruciate ligament, and a torn medial meniscus. He underwent three (3) surgeries on the knee. He continues to suffer from post-traumatic arthritis and patellar chondromalicia.

In addition, Mr. Carr sustained injuries to his lower back, diagnosed as L3-4 left paracentral disc extrusion with L4 radiculopathy.

As a result of his injuries, Mr. Carr has on-going physical restrictions. He has lost time from work and income and diminished future earning capacity.

C.   DAMAGES

   1.   Special

   |   |   |   |
   |---|---|---|
   | a. | Past medical expenses | $ 41,772 |
   | b. | Past loss of income | $105,855 |
   | c. | Future loss of income | $694,349 |
   |   | Total | $841,976 |

   2.   General

   a.   Past and future pain and suffering

2

    b. Past and future embarrassment and humiliation
    c. Past and future loss of ability to enjoy pleasures of life
    d. Past and future loss of consortium.

D. WITNESSES

  1. Liability

    a. Brian Carr
    b. Marilyn Carr
    c. Miles Buchman
    d. Leslie Jackson
    e. Henry Piacitelli
    f. Samuel Antonelli
    g. David Perrone

  2. Damages

    a. David L. Rubenstein, M.D.
    b. Roy M. Lerman, M.D.
    c. Donald E. Jennings, Ed.D.
    d. Verzilli & Verzilli and Consultants, Inc.

E. EXHIBITS

  1. Ladder – GAI No. 03024 and photographs
  2. Photographs of incident scene
  3. Worn rubber tips
  4. New rubber tips
  5. White vinyl tips
  6. Black rubber disks
  7. Gillis Associated Industries, Inc. catalog
  8. Report of Miles F. Buchman, MSE, with photos and CV
  9. Reports of David Rubenstein, M.D. and CV
  10. Report of Donald E. Jennings, Ed.D. and CV
  11. Report of Roy M. Lerman, M.D. and CV
  12. Report of Verzilli & Verzilli and Consultants, Inc. and CV
  13. Plaintiff's medical bills paid
  14. Plaintiff's records of time lost from work and wage records
  15. Defendants' Answers, Amended Answers and Supplemental Answers to Plaintiffs' Interrogatories
  16. Arthroscopic photographs
  17. Defendants' Answer to Complaint

F.  LENGTH OF TRIAL

   5 days estimated

G.  SPECIAL COMMENTS

   1.  Amendment of Pleadings – discontinue as to Defendant Jarke Corporation

   2.  Stipulations sought:

       a.  authenticity of exhibits
       b.  Defendant, Gillis Associated Industries designed, manufactured and sold subject mobile ladder
       c.  total of medical bills

   3.  Legal Issues

       a.  It is not expected that any unusual Points for Charge will be requested. Points for Charge will be submitted prior to commencement of trial.
       b.  Plaintiff reserves the right to raise special legal issues after receipt of Defendant's Pre-trial Memorandum

   _____
   Mark B. Segal, Esquire
   Attorney for Plaintiffs