IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CARR and MARILYN CARR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GILLIS ASSOCIATED | : | |
| INDUSTRIES, INC. | : | NO. 04-5345 |

O'NEILL, J						April 4, 2006

## MEMORANDUM

Plaintiff, Brian Carr, brought this action against defendant, Gillis Associated Industries, Inc., based on strict liability and negligence stemming from his fall off a ladder. His wife, Marilyn Carr, has also asserted a loss of consortium claim. Before me now are defendant's motion for summary judgment, plaintiffs' response, and defendant's reply thereto.

Brian Carr was injured on January 16, 2003, when he fell from a ladder. Carr was using a rolling steel ladder manufactured by Gillis in or about 1989 or 1990, which had been subsequently purchased by Welex. Carr alleges that the ladder rolled out from under him when he was reaching toward the shelf for a part. At the time of the fall, Carr worked for Welex, Inc.

In his original report, plaintiffs' expert, Miles F. Buchman, M.S.E., stated that the defective design of the two front tubular legs on the subject ladder allowed the legs to wear through rubber crutch tips and decrease the resistance needed to keep the ladder in place when it was being used. Mr. Buchman opined that metal discs at the ends of the legs or steel reinforced crutch tips would help prevent the wearing down by the tubular legs. Buchman's original report was issued on December 14, 2005. Defendant filed an expert report on January 13, 2006.

1

Plaintiffs' expert reports were due by December 16, 2005.  On February 17, after reviewing defendant's expert's reports, Buchman issued an "addendum" to his original report.  In that letter, he states that the opinions from his original report remain the same.  He adds, however, a new theory of liability, stating that Gillis failed to provide adequate warning labels on the ladders instructing users to only use reinforced crutch tips.  This change was in response to two undisputed facts: (1) the rubber tips on the ladder at the time of the accident were not the original tips at the time of manufacture; and (2) reinforced crutch tips were the only type of tips used or sold by Gillis.  Buchman was or should have been aware of these facts at the time of his original report because plaintiffs' counsel and expert were provided with an actual set of original equipment crutch tips at the ladder inspection on November 4, 2005.

The addendum is not a restatement of Buchman's original analysis; the report has essentially been altered to fit the plaintiffs' change of theory in this case.  When an expert witness changes his conclusions to fit a new theory of liability after the old theory has been debunked, he loses much, if not all, of his credibility.  Because of these changes, and the fact that they were made two months after plaintiffs' expert report was due, I will disregard the February 17, 2006 letter and only consider Buchman's original report in this order.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  An issue is "material" only if the dispute over facts "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the record taken as a whole in a light most favorable to the nonmoving

party, "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986) (citation omitted).

In Gillis's motion for summary judgment, it argues that plaintiffs fail, as a matter of law, to show that the ladder was dangerous or defective at the time of sale.  I agree.  Neither side disputes that the accident was caused by worn down rubber crutch tips.  These tips were neither the original tips sold with the ladder nor were they manufactured or provided by Gillis.  The ladder was sold with the type of tips conceded by plaintiff's expert to be proper.  There is no genuine issue of dispute material fact in this case and therefore, defendant is entitled to summary judgment as a matter of law.

Defendant's motion for summary judgment will be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CARR and MARILYN CARR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GILLIS ASSOCIATED | : | |
| INDUSTRIES, INC. | : | NO. 04-5345 |

ORDER

AND NOW, on this 4th day of April 2006, upon consideration of defendant's motion for summary judgment, plaintiffs' response, and defendant's reply thereto, and the reasons set forth in the accompanying memorandum, it is ORDERED as follows:

1. Defendant's motion for summary judgment is GRANTED

2. Judgment is entered in favor of defendant, Gillis Associated Industries, Inc., and against plaintiffs, Brian Carr and Marilyn Carr.

 s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.